## HERMAN STEIN

### v.

### FRANCIS HUESMANN et al., executors &c.

A testator gave all his estate to his executors in trust to convert the real estate into personal and to pay certain specified legacies, and the balance to the complainant as residuary legatee. He also "authorized and requested them to retain, as their compensation, five per cent. of the money realized by them in the settlement of his estate, both real and personal, besides their disbursements and actual expenses." The executors have had charge of the real estate, and have received the income therefrom since testator's death. They have paid all the general legacies and claims against the estate and satisfied the specific legacies. On a bill to restrain them from converting the real estate on the ground that there is no necessity for it, and to compel them to convey it to the complainant—*Held,* that they were entitled to a commission of five per cent. on its value.

Bill for relief. On stipulation of counsel. Question of amount of compensation of executors.

*Mr. Randolph Parmly,* for complainant.

*Mr. William Talcott,* for defendants.

Stein *v.* Huesmann.

THE CHANCELLOR.

Louis Stein, deceased, late of Hoboken, died in May, 1882, leaving a will and codicil thereto, which were proved before the surrogate of Hudson county, on or about June 1st in that year, by the defendants, the executors named in the will. The complainant, the residuary legatee, filed his bill in this cause against them March 3d, 1884, alleging that they had paid all the debts and general legacies and satisfied the specific legacies, and praying that they be required to pay over to him the balance of moneys in their hands, and convey to him the real estate of which the testator died seized. This they have agreed to do on certain conditions satisfactory to him, among which is the payment or allowance to them of their lawful compensation as executors, and the question as to whether they are entitled to commissions on the value of the real estate (appraised for this purpose at $17,900) to be conveyed by them to him, is submitted to this court. By the will, the testator gives and devises to the

---

NOTE.—Executors, trustees &c. are allowed commissions on their sales of land, *Waring* v. *Darnall, 10′ Gill & Johns. 126 ;* *Nathans* v. *Morris, 4 Whart. 389 ;* *Snyder's Appeal, 54 Pa. St. 67 ;* *Clark's Estate, 11 Phila. 53 ;* or on bonds taken therefor, *Gist* v. *Gist, 2 McCord's Ch. 473 ;* and where a creditor purchased and gave credit for the amount, *Kiddle* v. *Hammond, Harp. Eq. 223 ;* and on sales of crops, *Hipkins* v. *Bernard, 4 Munf. 83 ;* see *Lee* v. *Lee, 6 Gill & Johns. 316 ;* except in cases where the will fixes their compensation, *Shippen* v. *Burd, 42 Pa. St. 461 ; Greer* v. *Greer, 5 Redf. 214 ; Brown* v. *Brown, 6 Bush 648.*

Double compensation thereon, first as executor and secondly as trustee, will not be allowed, *Sanderson* v. *Pearson, 45 Md. 483 ;* see *Griffin* v. *Bonham, 9 Rich. Eq. 71.*

Where the heirs of an estate were all *sui juris,* and made a contract for its sale themselves, a trustee, who was appointed under the statute merely to pass the title, was held not to be entitled to full commissions, *Carrier's Appeal, 79 Pa. St. 230.*

A testator devised lands to A charged with the payment of certain legacies which he directed his executors to pay. A paid the legatees and took their receipts, and tendered the amount of the costs of the administration to the executors, exclusive of any per cent. on the legacies.—*Held,* that the executors could not have an order of the court to sell those lands in order to pay their commissions on the legacies, and that they were not entitled to any commission thereon, *Williams* v. *Williams, 8 Ohio St. 300.*

Stein *v.* Huesmann.

executors and to their heirs forever, all the real estate he then owned or might thereafter acquire, of whatsoever nature and kind and wheresoever situate, together with all his personal estate of whatever nature, kind or description, in trust, that they should take possession thereof, with the rents, issues and profits thereof, and convert such real and personal estate into money, except as thereinafter directed (referring to certain specific legacies and directions for the disposition without sale of certain of his personal effects), as soon as possible, in their judgment, without incurring unreasonable loss, and then upon further trust to apply the money so realized as thereinafter directed, first paying his debts and funeral expenses. He then gives various pecuniary legacies to individuals and charitable associations mainly, and gives some specific legacies, and directs that certain disposition be made of some other of his personal effects, and then gives the remainder of his estate to the complainant. After appointing the defendants his executors, he directs that no security be required of them, and he authorizes and requests them to retain as

Executors are not allowed commissions on waste or unproductive lands, *McDonogh's Case, 7 La. Ann. 475;* but this does not include lands which were used to supply timber and fuel for a plantation, *Girod's Case, 4 La. Ann. 386.*

An administrator, who retains control of his intestate's lands for the purpose of paying the debts of the estate, and afterwards delivers the lands to the heirs, is entitled to full commissions thereon, *Smith* v. *Cheney, 1 Rob. (La.) 98, 99.*

Where the condition of an estate does not require a sale of the slaves, and they are divided among the legatees, the executor is not entitled to a commission upon their appraised value; otherwise, as to grain or other perishable property, which by the law the executor is directed to sell, and which is divided in kind among the legatees, *Claycomb* v. *Claycomb, 10 Gratt. 589;* see *Burney's Case, 29 Ga. 33.*

A sale of an intestate's lands was made by the heirs, part of the price being paid to them in cash and the balance in the vendee's notes made payable to and received by the heirs in payment of their respective shares.—*Held,* that the administrator had no claim for commissions thereon, *Key* v. *Jones, 52 Ala. 238.*

Where a trustee, after having given bond, had, at the request of the party interested, forborne to sell the lands, he was allowed half commissions, *Carroll* v. *Jones, MS. 1 Bland 149.*

Lands were devised to testator's wife in trust for herself and children, " and after the expiration of fifteen years, if the executor thinks it may be more

Stein v. Huesmann.

their compensation five per centum of the money realized by them in the settlement of his estate, both real and personal, besides their disbursements and actual expenses in and about the execution of the will. They have not converted the real estate in question, although they have had charge of it, under the devise to them, since June, 1882. The complainant, in his bill, prays that they may be restrained from converting it—conversion not being necessary for any purpose under the will—and may be required to convey it to him. As before stated, they are about to transfer it to him accordingly.

They are entitled to a commission of five per cent. on the appraised value of that property. The bill states, it may be remarked, that the complainant has offered to pay it to them. Where personal property is transferred by an executor to a legatee in the form in which he receives it from the testator, he is entitled to commissions upon its value. *Pomeroy* v. *Mills*, 10 *Stew. Eq. 578.* And it has been held that the principle applies to real property also. *Matter of De Peyster, 4 Sandf. Ch. 511 ;*

productive," to be sold, and a portion to be invested for the wife during her lifetime and the remainder to be divided among the children. The executor superintended the land, and just after the fifteen years expired it could have been sold for $100,000, but as its value was increasing the wife and children determined not to sell then, and afterwards they elected to take the land itself. —*Held*, that $1,000 was a proper compensation to the executor therefor, *Twaddell's Appeal, 81* Pa. St. 221 ;* see *Savage* v *Sherman, 24 Hun 307.*

Where an executor is directed by the will to make partition of his testator's real estate, and, by reason of the peculiar situation and character of the property, is obliged, under the order of the court, to sell the same, and to distribute the proceeds, he is entitled to the same fees as a master in chancery for similar services, *Dickerson* v. *Canfield, 3 Stock. 259.*

Certain lands were directed by a testator to be sold to pay his debts, and others to be sold for the education and maintenance of his minor children. The former lands were assigned as dower to the widow, who had renounced the provisions of the will.—*Held*, that the executor could not apply the proceeds of the latter lands to the payment of the debts, although he might perhaps sell the reversion for that purpose; and that his compensation for managing and selling the latter lands ought to be paid out of the proceeds of their sale, and not out of the personal estate, *Drake* v. *Lee, 1 Mon. 247 ;* see *Peyton* v. *Smith, 2 Dev. & Bat. Eq. 325 ; Newsom* v. *Newsom, 3 Ired. Eq. 411.*

Executors were held entitled to commissions on $5,000, set apart to the widow in lieu of her homestead, *Isaac's Estate, 30 Cal. 129.*

Stein *v.* Huesmann.

*Wagstaff* v. *Lowerre, 23 Barb. 209.* See, also, *Redfield's Practice 384.*

In the case under consideration the testator devises all his estate .to the executors and directs an out-and-out conversion of it. He therefore, of course, must be presumed to have contemplated such actual conversion when he made the provision for their compensation, which is in effect a legacy. He not only authorizes but requests them to retain for their compensation five per cent. of the money realized in the settlement of his estate (and to prevent misunderstanding he adds), both real and personal. What he meant was to give them, for their pay, five per cent. on the value of all his property, the value to be fixed by what it should bring or realize on actual conversion. They have had charge of the property in question, under the devise to them, for two years. Should they execute the power of sale under the will, there could be no question that they would be entitled to the percentage. The complainant, for his own advantage, seeks to restrain them from converting the property and to

An executor or administrator is entitled to the full amount of commissions on the money or on secured notes or bonds taken by him for the proceeds of lands sold by him at a probate sale to pay the intestate's debts, *Smith* v. *Cheney, 1 Rob. (La.) 98; Eshelman's Estate, 74 Pa. St. 42; Skinner's Estate, 4 Phila. 189; Graves* v. *Graves, 5 Jones Eq. 280;* although such amount exceeds the appraised value of the property in the inventory, *Shurtliff* v. *Witherspoon, 1 Sm. & Marsh. 621.*

An executor or administrator is not allowed commissions on the amount of a debt due from his intestate and secured by a mortgage on lands, which was afterwards foreclosed and the lands sold to satisfy it, no part of which ever came into his hands as assets to administer, *Reynolds* v. *Canal Co., 30 Ark. 520; Butterly's Case, 10 La. Ann. 258; Ball* v. *Brown, Bail. Eq. 374;* nor on the proceeds of the sale of lands sold on execution against his intestate, *Gollain's Case, 31 La. Ann. 173;* and where an undivided interest in lands, subject to a mortgage, has been set off to the estate, and the tract sold to complete the partition and satisfy the mortgage, commissions can only be charged on the estate's interest in the surplus, *Marvin's Estate, Myrick Prob. 163.*

Where a power to sell lands and to divide the proceeds, is given to an executor, and the lands are subject to a mortgage, the executor is entitled to commissions only on the surplus over and above the mortgage, *Baucus* v. *Stover, 24 Hun 109* (two judges dissenting); reversed on another point in *Baucus* v. *Stover, 89 N. Y. 1;* see *Cox* v. *Schermerhorn, 18 Hun 16.*—Rep.

compel them to convey it to him, and they are willing to do so. Under the circumstances, they are entitled to the percentage on the appraised value of the property.